# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| FAR EAST AMERICAN, INC., *et al.*, | : | |
| Plaintiffs, | : | |
| and | : | |
| AMERICAN PACIFIC PLYWOOD, INC., | : | |
| Consolidated Plaintiff, | : | Consol. Court No. 22-00213 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |
| INTERGLOBAL FOREST, LLC, | : | |
| Plaintiff, | : | Court No. 22-00240 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## ORDER

Upon consideration of defendant's motion to consolidate cases, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that *Far East American, Inc., et al., v. United States*, Consol. Court No. 22-00213, and *InterGlobal Forest, LLC, v. United States*, Court No. 22-00240, are consolidated under *Far East American, Inc., et al., v. United States*, Consol. Court No. 22-00213; and it is further

ORDERED that the administrative record to be filed in Consol. Court No. 22-00213 will serve as the administrative record for the consolidated action, and that the record need not be filed separately in the other cases.

_____
CHIEF JUDGE

Dated:_____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| FAR EAST AMERICAN, INC., *et al.*, | : | |
| Plaintiffs, | : | |
| and | : | |
| AMERICAN PACIFIC PLYWOOD, INC., | : | |
| Consolidated Plaintiff, | : | Consol. Court No. 22-00213 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |
| INTERGLOBAL FOREST, LLC, | : | |
| Plaintiff, | : | Court No. 22-00240 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Pursuant to USCIT Rule 42, defendant, the United States, respectfully requests that the Court consolidate *Far East American, Inc., et al., v. United States*, Consol. Court No. 22-00213, and *InterGlobal Forest, LLC, v. United States*, Court No. 22-00240, under *Far East American, Inc., et al., v. United States*, Consol. Court No. 22-00213.  On August 19, 2022, undersigned counsel for the Government contacted counsel Greg Menegaz, counsel for plaintiffs Far East American, Inc. and Liberty Woods, International, Inc., (collectively FEA) and Frederic Van

Arnam, Jr., counsel for American Pacific Plywood, Inc., (APPI) consented to the motion. Undersigned counsel for the Government also contacted Ignacio J. Lazo, counsel for InterGlobal Forest, LLC (IGF), via email on August 18, 2022, to obtain his positions on this motion but has not received a response.

      This motion should be granted for good cause.  On August 9, 2022, this Court consolidated Court Nos. 22-00213 and 22-00214, two cases brought by importers FEA and APPI that are challenging, in whole or in part, the January 28, 2022 final determination issued by U.S. Customs and Border Protection (CBP) in Enforce and Protect Act (EAPA) Case Number 7252, and the June 6, 2022, decision issued by CBP's Office of Regulations and Ruling (OR&R) in administrative appeal number H323923, which affirmed the final determination, as supplemented by OR&R on July 6, 2022 in administrative appeal number H325765.  Order, *Far East American, Inc., et al., v. United States*, Consol. Ct. No. 22-00213, ECF No. 12, Aug. 9, 2022, ECF No. 12.  The most recent case, *InterGlobal Forest, LLC*, No. 22-240 involves the same administrative determinations.  IGF Compl., No. 22-240, ECF No. 2, Aug. 17, 2022.

      All three cases also involve common questions of law and fact because the complaints allege that CBP was not authorized to initiate the EAPA investigation based upon the allegations submitted by Plywood Source (FEA Compl., No. 22-00213, ECF No. 6, July 20, 2022, ¶¶ 43-49; APPI Compl., No. 22-00214, ECF No. 5, July 20, 2022, ¶¶ 86-88; IGF Compl., No. 22-240, ECF No. 2, Aug. 17, 2022, ¶¶ 81, 93-97), and all three cases allege that CBP violated the plaintiffs' due process rights by not establishing a protective order so that parties could access confidential information.  FEA Compl., ¶¶ 63-66; APPI Compl., ¶¶ 97-99; IGF Compl., ¶¶ 106-108.  Thus, consolidating these cases will promote judicial efficiency and conserve the resources of the parties and the Court because it will reduce the number of duplicative filings that would occur if

the cases remained separate. *See* USCIT Rule 1. Consolidating the cases will also eliminate the need to file separately an administrative record and a proposed briefing schedule in each of the actions. Further, if the cases remained separate actions, and the Court decided to remand to CBP any particular determination in EAPA Case Number 7252, the subsequent remand redeterminations by the agency may reach the Court at differing times, thereby resulting in a disorderly progression of the cases through this Court, and if appealed, through the United States Court of Appeals for the Federal Circuit. Given these considerations, consolidating the cases is appropriate.

   For these reasons, we respectfully request that the Court grant our motion to consolidate these cases.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Elizabeth A. Speck
ELIZABETH A. SPECK

OF COUNSEL:
CHRISTOPHER BERRIDGE
Attorney
Office of the Chief Counsel
Enforcement and Operations
U.S. Customs and Border Protection
Washington, D.C.

Senior Trial Counsel
U.S. Dept. of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0369
E-mail: elizabeth.speck@usdoj.gov

August 19, 2022

Attorneys for Defendant

4