Slip Op. 24-40

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., <br><br>    Plaintiffs, <br><br> and <br><br> AMERICAN PACIFIC PLYWOOD, INC. AND INTERGLOBAL FOREST LLC, <br><br>    Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>    Defendant. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 22-00213 |

## OPINION

[Sustaining U.S. Customs and Border Protection's Remand Redetermination.]

Dated: April 8, 2024

Gregory S. Menegaz, J. Kevin Horgan, Alexandra H. Salzman, and Vivien J. Wang, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.

Frederic D. Van Arnam, Jr., Barnes, Richardson & Colburn, LLP, of New York, NY, for Consolidated Plaintiff American Pacific Plywood, Inc.

Thomas H. Cadden, Cadden & Fuller LLP, of Irvine, CA, for Consolidated Plaintiff InterGlobal Forest LLC.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were Evan Wisser, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, and Jennifer L. Petelle,

Consol. Court No. 22-00213 Page 2

Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection, of Washington, DC.

Barnett, Chief Judge:  This matter is before the court following U.S. Customs and Border Protection's ("CBP") filing of its redetermination on court-ordered remand. Remand Redetermination, ECF No. 71.[1]  On remand, CBP reversed its affirmative determination of evasion pursuant to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517 (2018), after finding that Plaintiffs[2] and Consolidated Plaintiffs[3] (collectively referred to as "Plaintiffs") did not import "covered merchandise" pursuant to 19 U.S.C. § 1517(a)(3).  *Id.* at 2.  Absent the importation of covered merchandise into the United States, CBP had no choice but to issue a negative determination.  *See id.* at 2, 6.  The court has jurisdiction pursuant to section 517(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g), and 28 U.S.C. § 1581(c) (2018).  There being no substantive objection to CBP's Remand Redetermination, and for the reasons discussed herein, the court will sustain CBP's Remand Redetermination and enter judgment in this case.

---

[1] CBP issued the Remand Redetermination pursuant to *Far East American, Inc. v. United States*, 47 CIT __, 673 F. Supp. 3d 1333 (2023) ("*Far East EAPA*"), in which the court granted Defendant's ("the Government") motion for a voluntary remand.  *Far East EAPA* contains additional background information on this case, familiarity with which is presumed.
[2] Plaintiffs consist of importers Far East American, Inc. and Liberty Woods International, Inc.
[3] Consolidated Plaintiffs consist of importers American Pacific Plywood, Inc. and Interglobal Forest LLC.

Consol. Court No. 22-00213                                                                                       Page 3

### BACKGROUND

Plaintiffs commenced this case in response to CBP's final affirmative determination of evasion.  *See, e.g.*, Compl. ¶ 1, ECF No. 6.  Two events that occurred during CBP's investigation are relevant to this opinion.

First, on the eve of CBP's statutory deadline for concluding its investigation, CBP submitted a covered merchandise referral to the U.S. Department of Commerce ("Commerce") pursuant to its authority under 19 U.S.C. § 1517(b)(4)(A).  *See* Remand Redetermination at 3.  CBP ultimately relied on Commerce's affirmative covered merchandise finding to issue an affirmative final evasion determination.  *Id.*

Second, despite the imposition of interim measures requiring the statutory suspension of liquidation through the pendency of the investigation, *see* 19 U.S.C. § 1517(e)(1), CBP liquidated the entries subject to the investigation inclusive of antidumping and countervailing duties, Jt. Status Report at 2–3, ECF No. 72.  Plaintiffs protested CBP's liquidations, "and CBP suspended the protests pending a final judgment in this matter."  Remand Redetermination at 7 n.37.  Various parties, including Plaintiffs here, also commenced actions pursuant to the court's 28 U.S.C. § 1581(i) jurisdiction contesting the actions of Commerce and CBP that led to the liquidations; those cases are currently stayed.  *See generally Liberty Woods Int'l v. United States*, Ct. No. 20-cv-00143 (CIT filed Aug. 5, 2020); *Viet. Finewood Co. Ltd. v. United States*, Ct. No. 20-cv-00155 (CIT filed Aug. 14, 2020) (referred to herein as "the Stayed Cases").

Consol. Court No. 22-00213                                                                                    Page 4

Several Plaintiffs challenged Commerce's covered merchandise finding. Following a court-ordered remand to reconsider that finding, Commerce reversed its determination and concluded that the merchandise subject to this EAPA determination is not covered by the scope of the relevant antidumping and countervailing duty orders. *See Far East American, Inc. v. United States*, 47 CIT __, __, 654 F. Supp. 3d 1308, 1310 (2023) ("*Far East Scope*").[4]  The court sustained Commerce's negative determination. *See id* at 1311.  "No party appealed that decision, and it is now final." *Far East EAPA*, 673 F. Supp. 3d at 1337.

The finality of the *Far East Scope* litigation prompted the Government's motion for a voluntary remand for CBP to reconsider its affirmative evasion determination. *Far East EAPA*, 673 F. Supp. 3d at 1335.[5]  The court granted the Government's motion. *See id.* at 1340.  CBP has now issued a negative evasion determination.  Remand Redetermination at 6–7.  CBP did not address the status of the protests based on its view that "[t]he disposition of such protests is outside the scope of [the Remand Redetermination]." *Id.* at 7 n.37.

---

[4] Those orders are: *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018) (am. final determination of sales at less than fair value, and antidumping duty order); *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) (countervailing duty order).

[5] The Government also requested a voluntary remand for CBP to address its treatment of confidential information during the investigation. *See Far East EAPA*, 673 F. Supp. 3d at 1339–40.  CBP did not need to reach this issue on remand.  Remand Redetermination at 7.

Parties filed a joint status report addressing any need for further briefing in this action. Therein, Plaintiffs stated that no further briefing on CBP's evasion determination is required. Jt. Status Report. at 2. Plaintiffs, however, requested a 30-day "pause" on the entry of judgment to allow time for the parties to discuss resolution of the Stayed Cases concomitant with the disposition of this case. *Id.* at 3. Plaintiffs averred that CBP should now grant their protests and refund the duties CBP assessed but that they "cannot speak for or prejudge CBP's position." *Id.* The Government stated that in the absence of any comments in opposition, the court should enter judgment. *Id.*

Thereafter, Plaintiffs requested a status conference to discuss the question of remedy. Letter to Ct. (Mar. 12, 2024), ECF No. 73. On April 3, 2024, the court held a recorded status conference with the Parties. Docket Entry, ECF No. 74.

## DISCUSSION

CBP's Remand Redetermination is uncontested and complies with the court's order for CBP to reconsider its evasion determination in light of the finality of the *Far East Scope* litigation. Entry of judgment is therefore appropriate because there are no further issues for the court to adjudicate, including with respect to remedy. In a recent opinion, the court concluded that relief from the allegedly erroneous liquidation of entries subject to an EAPA investigation inclusive of duties must be pursued through timely protests of the liquidations before CBP. *Royal Brush Mfg., Inc. v. United States*, 47 CIT __, __, 675 F. Supp. 3d 1282, 1290–94 (2023). While in that case the plaintiff had failed to protest CBP's liquidation of, and assessment of duties on, entries subject to an EAPA investigation, *see id.* at 1290, the court's reasoning applies equally when,

as here, Plaintiffs have lodged such protests, the resolution of which by CBP awaits judgment in this case, *see* Remand Redetermination at 7 n.37.[6] Sustaining CBP's negative evasion determination and entering judgment accordingly constitutes appropriate relief in this case. *Cf. Royal Brush*, 675 F. Supp. 3d at 1294.

## CONCLUSION

Accordingly, there being no substantive challenge to CBP's Remand Redetermination, and that decision being otherwise in compliance with the court's remand order, the court will sustain CBP's Remand Redetermination. Judgment will be entered accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: April 8, 2024
　　　　New York, New York

---

[6] While not directly addressing a negative evasion determination issued on remand, CBP's EAPA regulations indicate that CBP will act consistent with that negative determination. *See* 19 C.F.R. § 165.27(c) (2023) ("If CBP makes a determination under paragraph (a) of this section that covered merchandise was not entered into the customs territory of the United States through evasion, then CBP will cease applying any interim measures taken under [section] 165.24 and liquidate the entries in the normal course."); *id.* § 165.46(b) ("If the final administrative determination reverses the initial determination, then CBP will take appropriate actions consistent with the final administrative determination."). For entries that have already liquidated when CBP issues an affirmative determination, "CBP will initiate or continue any appropriate actions separate from this proceeding." *Id.* § 165.28. Likewise, the court expects that when CBP issues a negative determination, as it did here, and the entries have already liquidated, CBP will take appropriate action in any proceeding before it, which would include ruling on any suspended protests.