Form 15-1

**UNITED STATES COURT OF INTERNATIONAL TRADE**                **FORM 15**

Interglobal Forest LLC,

                                        Plaintiff,

            v.

The United States of America,

                                        Defendant.

Before: Mark A. Barnett, Chief Judge

Court No.: 1:22-cv-00240

**APPLICATION
FOR FEES AND OTHER EXPENSES PURSUANT TO THE EQUAL ACCESS TO
JUSTICE ACT
28 U.S.C. § 2412(d), Title II of Public Law
96-481, 94 STAT. 2325 and Rule 54.1.**

1. Name of Applicant:  Interglobal Forest LLC

2. Government Agency involved in claim:  United States Bureau of Customs & Border
                                        Protection

3. Showing of Prevailing Party Status (28 U.S.C. § 2412(d)(1)(B)).

        Is court order attached? ___YES ?  X  NO*

4. Showing of Eligibility (28 U.S.C. § 2412(d)(2)(B)).

        Is net worth information attached?  X YES* ___ NO

5. Enter allegation that Government position was not substantially justified (28 U.S.C. §
2412(d)(1)(B)).*

        *Please see the attached memorandum in support of application.

Form 15-2

6. For each amount claimed, please attach itemization information indicating service provided, date, hours, and rate (28 U.S.C. § 2412(d)(2)(A)).

Amount Claimed

A. Attorney Fees*. . . . . . . . . . . . . . .   $ See attached memorandum in support of application

B. Study . . . . . . . . . . . . . . . . . . . .   _____

C. Analysis. . . . . . . . . . . . . . . . . .   _____

D. Engineering Report. . . . . . . . . . .   _____

E. Test. . . . . . . . . . . . . . . . . . . . .   _____

F. Project . . . . . . . . . . . . . . . . . . .   _____

G. Expert Witness Fees . . . . . . . . . .   _____

H. Other Fees and Expenses—Specify*

    1. _____ . . . . . . . . . . . . .   See attached memorandum in support of application

    2. _................................................   _____

    3.....................................................   _____

I. Total Fees and Expenses . . . . . . . . .   $ See attached memorandum in support of application
   *confidential itemization is set forth in the
   attached memorandum in support of
   application and Declaration of Kurt Winn
   filed concurrently herewith.

_____

                     s/ Thomas H. Cadden
                     Attorney for Applicant

                     Cadden & Fuller LLP
                     Name of LawFirm

                     2050 Main Street, Suite 260
                     Street Address

                     Irvine, CA 92614
                     City, State and Zip Code

                     (949) 788-0827
                     Telephone Number

Date: July 8, 2024

(Added Oct. 3, 1984, eff. Jan. 1, 1985; and amended Sept. 30, 2003, eff. Jan. 1, 2004.)

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>               Plaintiffs,<br><br>AMERICAN PACIFIC PLYWOOD, INC.<br>AND INTERGLOBAL FOREST LLC,<br><br>               Consolidated Plaintiffs<br><br>      v.<br><br>UNITED STATES,<br><br>               Defendant. | Case No. 1:22-cv-00240<br><br>(Consolidated with Case No. 1:22-cv-00213) |

## **ORDER**

Upon consideration of plaintiff Interglobal Forest LLC's application for fees, defendant's responses thereto, and upon due deliberation, it is hereby –

ORDERED, that plaintiff's motion be, and hereby is, granted; and it is further –

ORDERED, that defendant make payment to plaintiff according to the confidential Form 15 submitted by plaintiff.


_____
MARK A. BARNETT, Judge


Dated: _____, 2024
New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and LIBERTY WOODS INTERNATIONAL, INC., | **PUBLIC VERSION** |
| Plaintiffs, | |
| AMERICAN PACIFIC PLYWOOD, INC. AND INTERGLOBAL FOREST LLC, | Case No. 1:22-cv-00240 |
| Consolidated Plaintiffs | (Consolidated with Case No. 1:22-cv-00213) |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## CONSOLIDATED PLAINTIFF INTERGLOBAL FOREST, LLC'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

**TABLE OF CONTENTS**

I.    Introduction ....................................................................................................1

II.   Factual Background..........................................................................................2

III.  Jurisdiction And Standard Of Review ............................................................3

Argument ..................................................................................................................5

IV.   The Legal Standards Under The EAJA ...........................................................5

V.    IGF Is Eligible For An Award Under The EAJA .............................................5

      A.   IGF Is The "Prevailing Party" Under The EAJA Statute...................5

      B.   IGF Is An Eligible "Party" Pursuant To The EAJA .........................6

      C.   This Application For Fees and Expenses Is Timely Filed ................7

VI.   The Government's Position And Legal Theories Were Never Substantially Justified
      During Its Initial Investigation And Continuing Through The Final Remand
      Redetermination Finding No Evasion By IGF .................................................7

      A.   The Government Failed To Meet Its Burden To Prove "Substantial
           Justification" ................................................................................7

      B.   The Government Disregarded Its Own Regulations And Committed Numerous
           Case-Specific Bad Acts..............................................................10

      C.   The "Position Of the United States" Includes The Position(s) Taken By CBP
           During The Underlying Investigation ...........................................13

VII.  The Court Should Apply A Special Factor In Determining The Hourly Rate Used To
      Determine Attorney's Fees Awarded to IGF...................................................14

VIII. The Court Should Award IGF Fees Associated With Paralegal Services.........14

IX.   Conclusion.....................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Al-Harbi v. I.N.S., 284 F.3d 1080, 1085* (9th Cir. 2002)................................................ 8

*Barry v. Sullivan, 825 F2d at 1330* (1990)................................................................ 9

*Brewer v. Am. Battle Monuments Comm'n, 814 F.2d 1564,* 1569 (Fed. Cir. 1987).................... 4

*Corbin v. Apfel, 149 F.3d 1051, 1052* (9th Cir. 1998) ................................................ 8

*Jaureque v. Colvin, 2013 WL 5645310, at *1* (N.D. Cal. Oct. 16, 2013) ................................ 8

*Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).............................................7

*Hensley v. Eckerhart*, 461 U.S. 424, 433 *(1983)*........................................................... 5

*Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) .......................................................... 8

*Lizarraga Customs Broker v. Bureau of Customs & Border Prot.*,
    35 C.I.T. 1439, 1460 (2011) ................................................................... 13

*Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ................................................7, 8

*Mitford v. Kijakazi, 2021 WL 6052006, at 2* (N.D. Cal. Dec. 21, 2021)...................................9

*Reece v. Saul, 2021 WL 2417423, at *1* (E.D. Cal. June 14, 2021) ................................. 9

*Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590* (2008) ....................................... 14

*Sampson v. Chater, 103 F.3d 918, 921* (9th Cir. 1996)...........................................8, 9

*Scarborough v. Principi, 541 U.S. 401, 414-15* (2004)...........................................4, 7

*Thangaraja v. Gonzales, 428 F.3d 870,* 874 (9th Cir. 2005) ....................................... 8

*United States v. Hitachi America, Ltd., 101 F.Supp.2d 830* (2000).............................. 5

**Statutes**

5 U.S.C. § 504 ............................................................................................. 2

19 CFR § 165.27(a) ...................................................................................... 3

19 U.S.C. § 1517 ......................................................................................... 2

19 U.S.C. § 1517(a)(3) ............................................................................3, 6

19 U.S.C. § 1517(b)(4)(A) ................................................................................. 3

19 U.S.C. § 1517(g)(1) ..................................................................................... 4

28 U.S.C. § 1581(c) ......................................................................................... 4

28 U.S.C. § 1581(i) .......................................................................................... 6

28 U.S.C. § 1592 ............................................................................................ 14

28 U.S.C. § 2412 .............................................................................................. 1

28 U.S.C. § 2412(a)(1), (d)(1)(A) .................................................................... 4

28 U.S.C. § 2412(b), (d)(1)(A) ......................................................................... 4

28 U.S.C. § 2412(d)(1)(A) ................................................................................ 5

28 U.S.C. § 2412(d)(1)(B) ........................................................................ 4, 5, 7

28 U.S.C. § 2412(d)(2)(B) ................................................................................ 7

28 U.S.C. § 2412(d)(2)(D) .............................................................................. 13

28 U.S.C. § 2412(d)(2)(G) ............................................................................ 5, 7

Fed. R. App. P. 4(a)(1)(B) ................................................................................ 7

Rules of the United States Court of International Trade 7 ................................. 1

Rules of the United States Court of International Trade 54.1 .................... 1, 4, 5

Tariff Act of 1930, Section 517(g)(1) .............................................................. 4

**Other Authorities**

*Certain Hardwood Plywood from the People's Republic of China: Antidumping Order,* 83 Fed. Reg. 504 (Dept. Commerce, Jan. 4, 2018) ................................................................. 2

*Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order,* 83 Fed. Reg. 513 (Dept. Commerce, Jan. 4, 2018 ........................................................ 2, 6

*Dep't Commerce, Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry,* 85 Fed. Reg. 3,024 (Jan. 17, 2020) ...................................................................................................................... 10

## I.     INTRODUCTION

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and in accordance with Rules 7 and 54.1 of the Rules of the United States Court of International Trade,  Consolidated Plaintiff Interglobal Forest, LLC ("IGF" or "Consolidated Plaintiff") hereby moves this Court to enter in its favor, an award of the reasonable attorney's fees and expenses that it incurred in this action against Defendant United States and in defense of the underlying charges brought against it by U.S. Customs and Border Protection ("CBP") (Defendant United States and CBP together are sometimes collectively referred to herein as "the Government"). In its Complaint filed August 17, 2022 (ECF 2, p. 25) IGF sought, among other relief, that the Court award IGF a judgment for costs, including reasonable attorneys' fees, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412. Therefore, IGF requests that the Court award it [          ] in attorneys' fees and [        ] in costs for a total of [          ]

As set forth below, all of the statutory criteria for an award of attorney fees and expenses are met. Moreover, the Court should consider that the Government engaged in continuing illegal conduct which severely damaged IGF's business and reputation. Specifically, CBP prematurely liquidated [   ] entries of hardwood plywood from manufacturer Vietnam Finewood Company Limited to IGF, in violation of 19 CFR § 351.225(l)(1)(2020), which requires that Commerce must notify CBP to continue suspension of liquidation of entries that are already subject to suspension of liquidation during a pending scope inquiry.

As set forth in the Declaration of Kurt Winn filed concurrently herewith ("Winn Decl."), CBP's conduct resulted in, among other things, the illegal assessment of antidumping and anticircumvention duties totaling 206% (see Winn Decl. ¶8), additional [        ] and then [        ] of the [        ] (see Winn Decl. ¶9), [            ] (see Winn Decl. ¶11),  increased [        ] for products from Vietnam (see Winn Decl. ¶12), and [                  ] (see Winn Decl. ¶12).

1

## II.     FACTUAL BACKGROUND

Commerce published its antidumping and countervailing duty orders on hardwood plywood from China on January 4, 2018: Certain Hardwood Plywood from the People's Republic of China: Antidumping Order, 83 Fed. Reg 504 (Dept. Commerce, January 4, 2018); and Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order, 83 Fed. Reg. 513 (Dept. Commerce, January 4, 2018) (collectively, the "Orders").

On July 9, 2018, Plywood Source, LLC (the "Alleger") filed a petition with CBP pursuant to 19 U.S.C. § 1517 and 19 C.F.R. § 165.11, alleging that IGF and four other importers, Far East American, Inc., ("FEA''), Liberty Woods International, Inc., ("Liberty''), Ciel Group, Inc., ("Ciel"), and American Pacific Plywood, Inc. ("APPI") (collectively, the "Importers") were reportedly evading the Orders by (a) importing from Finewood Chinese-origin hardwood plywood subject to the Orders, (b) falsely declaring them to be of Vietnamese-origin and (c) failing to deposit antidumping duties and countervailing duties.

During the period of investigation (July 25, 2017, through the pendency of the investigation) IGF entered approximately forty-six (46) shipments of hardwood plywood purchased from and manufactured by Vietnam Finewood Company Limited ("Finewood"), a Vietnam-based manufacturer of hardwood plywood. On August 15, 2018, TRLED initiated separate EAPA investigations against the Importers (EAPA investigations 7252, 7253, 7254, 7255, and 7256), unilaterally finding that the Alleger's allegations reasonably suggested that each of the Importers had entered Chinese-origin hardwood plywood into the United States through evasion and had made materially false statements, acts, or material omissions relating to those entries that resulted in the failure of the Importers to make cash deposits of applicable antidumping or countervailing duties. CBP consolidated those investigations pursuant to 19 C.F.R. § 165.13(a) and (b) as EAPA Case No. 7252.

The Notice of Initiation of Investigation and Interim Measures ("NOI") documented that CBP relied on two videos provided by the Alleger as support for its decision. The Alleger asserted that the videos suggested that IGF and the other Importers were engaged in evasion. One video was characterized in the NOI as showing workers offloading crates "purported to be plywood from China". The other video was described as depicting a container of prepackaged, but unidentified product marked with IGF's logo. See NOI at 3, [          **]; PR38, PR-000103.**

These videos were later found by CBP to not "provide any relevant evidence of transshipment or evidence of Finewood's product capacity, or lack thereof. . . ."  CBP stated that the videos lacked audio, were of poor quality and could not establish that the videos were of merchandise covered by the Orders.  Appeal Determination at [          **]; PR148, PR-002761.**

The videos fell far short of the standard of substantial evidence CBP must use in making a determination of evasion. *See*, 19 C.F.R. § 165.27(a) ("CBP will make a determination based on substantial evidence…")  Plywood Source had no proof of what was inside the crates—and presented none on the record that IGF could address.

On the eve of CBP's statutory deadline for concluding its investigation, CBP abandoned its transshipment theory and adopted a new theory, that two-ply panels imported into Vietnam were also "covered merchandise."  CBP submitted a covered merchandise referral to the U.S. Department of Commerce ("Commerce") pursuant to its authority under 19 U.S.C. § 1517(b)(4)(A). *See* Remand Redetermination, **Case No. 1:22-cv-00213-MAB, ECF No. 71** at 3.

CBP ultimately relied on Commerce's affirmative covered merchandise finding to issue an affirmative final evasion determination against IGF and the other importers. *See* TRLED Evasion Det., [          **]; PR136, PR-002468**.  Following a court-ordered remand to reconsider that finding, Commerce reversed its affirmative determination of evasion after finding that IGF and the other Plaintiffs and Consolidated Plaintiffs did not import "covered merchandise" pursuant to 19 U.S.C.§ 1517(a)(3). *Id.* at 2. Absent the importation of covered merchandise into the United States, CBP had

no choice but to issue a negative determination as to IGF. *See id.* at 2, 6.

On April 8, 2024 the Court issued an opinion and final judgment (see Slip Op. 24-40 Sustaining U.S. Customs and Border Protection's Remand Redetermination, ECF 18). No party appealed that decision, and it is now final. IGF obtained the relief it sought, and is the prevailing party for all purposes herein.

## III.   JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to rule on this Application for Fees and Costs pursuant to Section 517(g)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g)(1), and 28 U.S.C. § 1581(c). The court retains jurisdiction after issuing judgment to adjudicate parties' timely application for fees and expenses. See 28 U.S.C. § 2412(b), (d)(1)(A) (fees and other expenses awardable "in any civil action" brought against the United States "in any court having jurisdiction of that action"); USCIT R. 54.1 (applications for attorney fees and expenses "must be filed within 30 days after the date of final judgment").

Under the EAJA, the court may grant attorney fees and other expenses to the prevailing party in an action against the United States. 28 U.S.C. § 2412(a)(1), (d)(1)(A). The burden is on the Government to demonstrate that the position it took in the action was *substantially justified* or that special circumstances exist making it unjust to grant the prevailing party fees and other expenses. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004) (citations omitted); *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed. Cir. 1987) (citations omitted). The EAJA limits the court's review to the record of the civil action for which fees and other expenses are sought and the agency's action "upon which the civil action is based." 28 U.S.C. § 2412(d)(1)(B), (2)(D).

4

ARGUMENT

## IV.    THE LEGAL STANDARDS UNDER THE EAJA

The EAJA establishes that a ***prevailing party*** in an action against the United States may recover attorney fees absent the government's showing that its position "was ***substantially justified***." 28 U.S.C. § 2412(d)(1)(A). {Emphasis added.} Specifically, the statute describes the circumstances in which attorney fees may be appropriate:

> Except as otherwise specifically provided by statute, a court shall award to a ***prevailing party*** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. {Emphasis added.}

*Id.* The prevailing party "seeking an award of fees . . . shall also allege that ***the position of the United States*** was ***not substantially justified***." {Emphasis added.} 28 U.S.C. § 2412(d)(1)(B).

The EAJA provides that an application for attorney fees shall be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and provides further that "'final judgment' means a judgment that is ***final and not appealable***," {Emphasis added.} 28 U.S.C. § 2412(d)(2)(G); USCIT R. 54.1 (applications for attorney fees and expenses "must be filed within 30 days after the date of final judgment").

## V.    IGF IS ELIGIBLE FOR AN AWARD UNDER THE EAJA

### A.    IGF IS THE "PREVAILING PARTY" UNDER THE EAJA STATUTE

A "prevailing" party is "one who 'succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit,' not success on each issue sued." *United States v. Hitachi America, Ltd.*, 101 F.Supp.2d 830, 832 (Ct. Int'l Trade 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

On April 8, 2024, this Court issued Slip Opinion 24-40 **(Case No. 1:22-cv-00240-MAB, ECF No. 18)** noting and ruling specifically that:

- On remand, CBP reversed its affirmative determination of evasion pursuant to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517(a)(3).

- Absent the importation of covered merchandise into the United States, CBP had no choice but to issue a negative determination.

- …despite the imposition of interim measures requiring the statutory suspension of liquidation through the pendency of the investigation inclusive of antidumping and countervailing duties, (Jt. Status Report at 2-3, **ECF No. 72**) Plaintiffs protested CBP's liquidations, and "CBP suspended the protests pending a final judgment in this matter." Remand Redetermination at **7 n. 37**. Various parties, including Plaintiffs here, also commenced actions pursuant to the court's 28 U.S.C. § 1581(i) jurisdiction contesting the actions of Commerce and CBP that led to the liquidations…

- Following a court-ordered remand…Commerce reversed its determination and concluded that the merchandise subject to this EAPA determination is not covered by the scope of the relevant antidumping and countervailing duty orders. The Court sustained Commerce's negative determination.

The Court entered Judgment accordingly. Slip Opinion 24-40, Id.

**B.   IGF IS AN ELIGIBLE "PARTY" PURSUANT TO THE EAJA**

The EAJA defines "party" as "(i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed ***$7,000,000 at the time the civil action was filed***, and which had not more than 500 employees

at the time the civil action was filed . . . .'"  {Emphasis added.} 28 U.S.C. § 2412(d)(2)(B).

IGF is a limited liability company that, as of the time this action was filed, had a net worth less than $7,000,000 and had less than 500 employees.  Winn Decl. at ¶ 13. Thus, IGF is a "party" within the meaning of the EAJA.

## C.  THIS APPLICATION FOR FEES AND EXPENSES IS TIMELY FILED

EAJA provides that an application for fees shall be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and further provides that "'final judgment' means a judgment that is *final and not appealable*," {Emphasis added.} 28 U.S.C. § 2412(d)(2)(G). Here, the Court issued final judgment on April 8, 2024. Slip Opinion 24-40 **(Case No. 1:22-cv-00240-MAB, ECF No. 18)**. The Government had sixty days from that date to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). Because the Government elected not to appeal, IGF had thirty days from June 7, 2024 to file an EAJA application. Thus, this application is timely filed.

## VI.  THE GOVERNMENT'S POSITION AND LEGAL THEORIES WERE **NEVER** SUBSTANTIALLY JUSTIFIED DURING ITS INITIAL INVESTIGATION AND CONTINUING THROUGH THE FINAL REMAND REDETERMINATION FINDING NO EVASION BY IGF.

### A.  The Government Failed To Meet Its Burden To Prove "Substantial Justification"

The burden of proof that the government's position was substantially justified rests on the government.  *Pierce* v. *Underwood,* 487 U. S. 552, 567 (1988); *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).  Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified to avoid an award of fees. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). As such, "[t]he government's position must be substantially justified at

7

each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)); *Jaureque v. Colvin*, 2013 WL 5645310, at *1 (N.D. Cal. Oct. 16, 2013) ("The court must examine whether the government was substantially justified in its original act and its decision to defend it in court.") (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified.'" *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

Specifically, *Meier* is a denial of Social Security benefits case by the Social Security Administration's ("SSA") Administrative Law Judge ("ALJ"). Although it is a denial of Social Securities benefits case, the factors for "substantial justification" are equally applicable for purposes of EAJA claims. In that case it was held that the government was not substantially justified because the ALJ failed to offer "specific and legitimate reasons", "supported by substantial evidence," for the decision to deny benefits. Likewise, here, as set for in this Application, the Government never offered substantial credible evidence, and never offered specific and legitimate

In *Sampson v. Chater,* 103 F.3d 918, 921 (9th Cir.1996), Sampson had applied for disability benefits due to multiple sclerosis among other health issues. When his application was denied he requested a hearing before the ALJ. At the hearing the ALJ held that Sampson was not disable as defined by the Social Security Act. Ultimately, Sampson filed a complaint for judicial review with the district court, which reversed the decision and remanded for further proceedings. The district court found that the ALJ's decision was not supported by substantial evidence or based on proper

8

legal standards. Sampson's subsequent motion for fees and costs under the EAJA was denied by the district court. The Court of Appeal reversed holding that the district court abused its discretion in awarding Sampson attorney's fees. The court reviewed ""both the underlying government conduct at issue and the totality of circumstances present before and during litigation"" *Sampson,* 103 F.3d 918, 922, (citing *Barry*, 825 F2d at 1330). In reaching its decision the Court of Appeal noted that the ALJ failed to properly examine evidence and "{w}ithout explanation…dismissed Sampson's testimony as not credible. *Id.* at 922.

As fully set forth in this Application, under the facts, circumstances, and the record in this matter, the Government has made no showing that its position was justified. *See, e.g., Mitford v. Kijakazi*, 2021 WL 6052006, at *2 (N.D. Cal. Dec. 21, 2021) (granting motion for attorney's fees under the EAJA where the parties' stipulated to remand with an instruction for "the ALJ to reevaluate the medical evidence and Plaintiff's subjective symptom testimony, offer Plaintiff the opportunity to submit additional evidence, and take any further action needed to complete the administrative record and issue a new decision."); *Reece v. Saul*, 2021 WL 2417423, at *1 (E.D. Cal. June 14, 2021) (finding government's position was not substantially justified and awarding fees under the EAJA where parties stipulated to remand for ALJ to reevaluate medical evidence and take additional evidence, among other reasons).

Here, the Government's position was not substantially justified. Moreover, the Government committed various violations of federal regulations and committed other "bad acts" that make an award of legal fees and expenses justified.

9

**B.    The Government Disregarded Its Own Regulations And Committed Numerous Case-Specific Bad Acts**

IGF's attorneys' fees and costs incurred were significantly increased by the Government's continued, persistent, unjustified actions and illegal conduct.  Among other things, the Government committed the following bad acts which unjustifiably increased IGF's attorneys' fees and costs:

| GOVERNMENTAL **BAD ACTS** | RESULT |
|---|---|
| 1. Based solely on Plywood Source's allegations and relying on debunked videos submitted by Plywood Source as its ***main evidence of alleged transshipment***, on August 15, 2018 TRLED launched a three month's long investigation against IGF and the other Importers. Final Admin. Det. at 2, [          ]; **PR148, PR-002758**. | **Result:**  The purported video evidence of transshipment was discredited and dismissed by OR&R as not showing the location of the videos, not showing any production activity, and as lacking audio and being of poor quality. Final Admin. Det. at 20, [          ]; **PR148, PR-002759.** |
| 2. Without any credible evidence, ***and without Constitutional notice***, TRLED issued a Notice of Investigation and Interim Measures on November 20, 2018. NOI, [          ]; **PR38, PR-000102.** | **Result:** The illegal assessment of antidumping and anticircumvention duties totaling 206% (see Winn Decl. ¶8), additional import bond deposits and then a cancellation of the bond (see Winn Decl. ¶9), loss of customers (see Winn Decl. ¶11),  increased bonded warehouse costs for products from Vietnam (see Winn Decl. ¶12), and sales of products purchased from Vietnam Finewood at reduced prices to customers outside the United States(see Winn Decl. ¶12). |
| 3. On March 11, 2020 and March 19, 2020, Commerce sent liquidation instructions to CBP to liquidate all of IGF's hardwood plywood entries exported by Finewood by charging collective dues of 206% on all such plywood imports, even though Commerce had a pending scope referral. *See Dep't Commerce, Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry*, 85 Fed. Reg. 3,024 (Jan. 17, 2020). | **Result:**  The duties owed (and the interest associated with those duties) significantly increased IGF's import bond liability, and in February 2019, IGF had to deposit an additional [     ] for a customs bond. Despite the increased deposit, in August 2019 IGF's bond was canceled. See Declaration of Kurt Winn at ¶ 9). |
| 4. On March 20, 2020, March 27, 2020 and April 3, 2020, Customs and Border Protection liquidated  all  of  IGF's  imports  from | **Result:**  IGF was forced to retain counsel to protest the liquidations. On August 14, 2020 IGF filed a complaint on behalf of IGF alleging |

| | |
|---|---|
| manufacturer Vietnam Finewood by charging collective dues of 206% on all plywood imports. | Commerce's instructions to CBP violated 19 C.F.R §351.225(l)(1), that requires an existing suspension of liquidation to be continued suspended when it initiates a formal scope inquiry. Moreover, on August 24, 2020, IGF filed a protest of the imposition of AD/CVD duties on all 46 entries from Finewood. |
| 5. In its final determination, TRLED did not distinguish between Finewood's finished plywood that incorporated two-ply in its production and Finewood's finished product that did not use two-ply in production. TRLED asserted that "there is no feasible method on the record to distinguish between Chinese-origin merchandise subject to the Orders transshipped by VN Finewood, the company's actual production, and whether the sales containing Chinese-origin merchandise were foreign or domestic." TRLED Evasion Det. at 8 [        **];** **PR136, PR-002475** . | **Result:** TRLED made no attempt whatsoever to review and scrutinize the record that shows that Finewood tracked its inputs for each production run and identified exactly which shipments to the U.S. contained finished hardwood plywood that incorporated two-ply. In particular, Finewood used no two-ply in its production of [ ] finished hardwood plywood. Despite the evidence proving that all of the [    ] finished hardwood plywood could not possibly be in violation of the Orders, CBP continued to impose punitive duties of 206% with no justification whatsoever. Thus, CBP charged cumulative duties of 206% on plywood imports it acknowledged were not subject to the Orders. TRLED Evasion Det. at 8, [        **]; PR136, PR-002475.** |
| 6. During its investigation, TRLED issued six (6) RFIs to Finewood and two rounds of RFIs to all five importers. *See* Verification Report at 3, [        **]** (summarizing the various party submissions). | **Result:** IGF and the other parties subject to investigation were forced to incur the expense of producing voluminous detailed narrative responses with thousands of pages of documentation attached as exhibits, as the RFI were requests for "all" commercial records of the imports in question. In other words, unlike Department of Commerce anticircumvention proceedings which sample select small subsets of such records, CBP simply asked for "all" of them. Thus, CBP obtained an unusually enormous and comprehensive record of all of IGF's transactions with Finewood and the import documentation as well. |

| | |
|---|---|
| 7. CBP was obligated to issue its determination as to evasion by September 16, 2019. Instead of issuing its determination, after realizing that the original allegations of transshipment against IGF had no factual or legal basis, CBP submitted a covered merchandise referral to Commerce allegedly because CBP "could not determine whether two-ply panels of Chinese origin, which are further processed in Vietnam to include the face and back veneers of non-coniferous wood, are covered by the scope of the [AD/CVD Orders]." TRLED Evasion Det. at 5, [        ]; **PR136, PR-002472.** | **Result:** Further unnecessary delay in the administrative proceedings after the Government realized it had absolutely no reliable evidence that IGF had violated the Orders in any respect, to the extent that CBP adopted a totally new theory that two-ply panels were covered merchandise under the Orders. This new theory was contradicted by decades of precedent that plywood must be composed of at least three plies, or layers. In an attempt to bolster this baseless and unprecedented theory, CBP was relegated to asking Commerce whether the subject two-ply panels were covered merchandise. On June 16, 2023, Commerce issued its redetermination upon remand comporting with the Court's ruling that two-ply panels and the plywood made with them were not covered merchandise. Final Results of Redetermination Pursuant to Court Remand, Consol. Ct. No. 22-00049, [**ECF No. 62-1**.] |
| 8. On January 27, 2022, Commerce unreasonably and unjustifiably found that that "two-ply panels are 'veneered panels' covered by the scope of the [AD/CVD Orders]" and the hardwood plywood exported by Finewood was not substantially transformed in Vietnam and remained a product of China. *See* Scope Ruling, [        ]; **PR133, PR-002416.** | **Result:** Continued, protracted, unnecessary litigation due to the Government's unreasonable and unjustifiable position, which was never based on any reliable law, fact, or evidence. Which again resulted in Commerce's redetermination that two-ply panels are not merchandise covered by the Orders. Consol. Ct. No. 22-00049, **ECF No. 62-1**. |
| 9. Armed with Commerce's January 27, 2022 Scope Ruling regarding two-ply panels, on January 28, 2022, CBP issued an affirmative evasion determination against IGF. TRLED Evasion Det., [        ]; **PR136**, PR-002467. | **Result:** IGF filed a Request for Administrative Review of CBP/TRLED's Determination of Evasion on March 14, 2022. *See* IGF Req. for Admin. Review, [        ]; *see also* Appeal Determination at [        ]. |
| 10. In response to Plaintiffs' request for *de novo* administrative review of the January 28, 2022 Evasion Determination, CBP's OR&R ***erroneously*** affirmed the evasion determination on June 6, 2022. Appeal Determination at [        ]; **PR148, PR-002769.** | **Result:** IGF filed the instant lawsuit on August 17, 2022 to challenge CBP's Evasion Determination. IGF incurred [        ] in attorneys' fees and [        ] in costs for a total of [        ] |

**C.    The "Position Of the United States" Includes The Position(s) Taken By CBP During The Underlying Investigation.**

The statute provides that the phrase "position of the United States" means, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . ." 28 U.S.C. § 2412(d)(2)(D). Thus, in deciding whether the position of the Government was substantially justified in this case, the Court should consider not just the positions taken by the Government in this action, but also (and many respects more importantly), the positions taken by CBP in its EAPA investigation.

CBP, as an agency of the federal government, is a branch of the United States, the most powerful litigant in our country. Obligating the United States to compensate IGF for the fees and expenses it incurred in defending this action, which should never have been brought, comports with the twin goals of the EAJA to discourage the government from improperly exerting its extraordinary power, and to reward litigants who successfully defend against unjustified government action. Such compensation is appropriate here.

**VII.    THE COURT SHOULD APPLY A SPECIAL FACTOR IN DETERMINING THE HOURLY RATE USED TO DETERMINE ATTORNEY'S FEES AWARDED TO IGF**

In relevant part, the EAJA has a definition of "fees and other expenses" that provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"As this Court has found in the past, for purposes of EAJA, customs law is a specialized practice area, distinct from general and administrative law." *Lizarraga Customs Broker v. Bureau*

*of Customs & Border Prot.*, 35 C.I.T. 1439, 1460 (2011). This principle applies with full force here. The universe of cases before this Court that have addressed EAPA, in the manner addressed in this case is limited. Bringing this case to a successful resolution required a deep study of EAPA and how that statute intersects with Commerce's administration of the antidumping duty law as well as 19 U.S.C. § 1592. IGF's attorneys had the required depth of knowledge in these fields, and where novel issues and new case law needed to be addressed, they conducted focused research in this very specialized area of law. This specialized knowledge and expertise warrants a significant enhancement well above the $125 per hour statutory fee contained in the EAJA. These rates (and the hours to which they are applied) are contained in Exhibits 2, 3 and 4 to the Declaration of Kurt Winn. As Exhibit 2 to the Declaration of Kurt Winn reflects, the customary average hourly rate for attorneys employed by Fox Rothschild is approximately [     ] per hour. The customary average rate for attorneys employed by Cadden & Fuller LLP is [     ] per hour. While there is no discernible "average rate" for attorneys employed by deKieffer & Horgan, PLLC in this matter because the firm provided legal services to IGF as part of [          ], Plaintiff believes that the deKieffer firm's hourly rates for attorneys are similar to those of Fox Rothschild as they are competitors in the same specialized area of law (trade and Customs' law). Therefore, for the attorneys who worked on this case (collectively the "Law Firms"), the average hourly rate is approximately [     ]. Given the high degree of expertise needed to effectively litigate this case, the rates charged by the Law Firms are reasonable and should be used by the Court for purposes of awarding legal fees to IGF.

## VIII.   THE COURT SHOULD AWARD IGF FEES ASSOCIATED WITH PARALEGAL SERVICES

The Supreme Court has held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv.*

*Co. v. Chertoff*, 553 U.S. 571, 590 (2008). As Exhibit 2 reflects, paralegal services provided by Fox Rothschild were billed at [    ] per hour. As Exhibit 3 reflects, paralegal services provided by Cadden & Fuller LLP were billed at [      ] per hour.  As referenced above, while there is no discernible "average rate" for paralegals employed by deKieffer & Horgan, PLLC in this matter because the firm provided paralegal services to IGF as part of [          ], Plaintiff believes that the deKieffer firm's hourly rates for paralegals are similar to those of Fox Rothschild as they are competitors in the same specialized area of law (trade and Customs' law). Consistent with *Richlin*, the fees associated with those paralegal services are recoverable as part of this EAJA application.

### IX.   CONCLUSION

For the reasons stated herein, this Court should grant Interglobal Forest LLC [          ] in attorneys' fees and [       ] in costs for a total of [        ] and should further allow IGF to submit a supplemental EAJA application to cover the fees it incurred in preparing this application.

Dated: July 8, 2024

Respectfully submitted,

/s/ *Thomas H. Cadden*
Thomas H. Cadden
CADDEN & FULLER LLP
2050 S. Main Street, Suite 260
Irvine, CA 92614
Tel. (949) 788-0827
E-mail: tcadden@caddenandfuller.com

## **CERTIFICATE OF COMPLIANCE**

I, Thomas H. Cadden, certify that the attached brief complies with the word limitation requirement, as stated in the Standard Chambers Procedures. The word count for Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act, as computed by Microsoft Word, is 4,879 words.

/s/ *Thomas H. Cadden*
Thomas H. Cadden

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of July 2024, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

*<u>/s/ Hanh Nguyen</u>*

17